## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALYSSA MARIE VULAKH**<br>101 North York Road<br>Willow Grove, PA 19090<br><br>*Plaintiff,*<br><br>vs.<br><br>**HIGHLINE AUTOMOTIVE, INC.**<br>4343 Torresdale Avenue<br>Philadelphia, PA 19124<br><br>**and**<br><br>**HIGHLINE AUTOMOTIVE GROUP, LLC**<br>4343 Torresdale Avenue<br>Philadelphia, PA 19124<br><br><br>*Defendants.* | NO. _____<br><br>CIVIL ACTION<br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, Alyssa Marie Vulakh (Plaintiff or "Ms. Vulakh"), by and through undersigned counsel, hereby files this Complaint against each Defendant:

## **INTRODUCTION**

1. Plaintiff initiates this action to seek redress against each Defendant for unlawful violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 200d et seq.)

and the Pennsylvania Human Relations Act ("PHRA")[1]. As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## PARTIES

2. Plaintiff is an adult individual currently residing at the above-captioned address.

3. Defendants, Highline Automotive, Inc. and Highline Automotive Group, LLC ("Defendants") are believed and therefore averred to be domestic Pennsylvania corporations with a registered place of business at the above-captioned address.

4. Because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single and/or joint employer for purposes of the instant action.

5. At all times relevant hereto, Defendants acted by and through its agents, servants, and employees, each of whom, at all times relevant, acted within the scope of his or her job duties.

## JURISDICTION and VENUE

6. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

7. The Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice,

---

[1] This is for notice purposes only. Plaintiff will seek leave to amend this pleading at any time permissible by Fed.R.Civ.P. 15 to file an amended pleading with a claim under the PHRA once the same becomes administratively ripe after the statutory one year waiting period. Plaintiff also intends to name Eric Patrick as an individual Defendant under the statute.

satisfying the standard set forth by the Supreme Court of the United States in *International Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

8. The United States District Court for the Eastern District of Pennsylvania may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

9. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because each Defendant is located in and conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district (Plaintiff was employed in the Eastern District of Pennsylvania at the time of the illegal actions set forth herein).

## FACTUAL BACKGROUND

10. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

11. Plaintiff is a female who was hired by Defendants in or around July 2022 as a Business Development Center ("BDC") Manager, from Defendants' car dealership located at 4343 Torresdale Avenue, Philadelphia, PA 19124

12. Plaintiff was primarily supervised by General Manager, Eric Patrick ("Patrick").

13. Shortly after Plaintiff's hire, Patrick began to subject Plaintiff to severe and pervasive sexually harassing, offensive, and unwelcomed comments/behavior/touching. By way of example and without limitation:

a. on one occasion while working in the finance office, Patrick made a mistake and stated "fuck me," and then looked at Plaintiff and asked, "would you fuck me," after which Plaintiff immediately walked out of the office;

b. Patrick would pervasively make comments every day, regarding when Plaintiff and he were going out, when could he come to Plaintiff's house, and when could Plaintiff and he go get drinks, which Plaintiff always rejected;

c. Patrick texted Plaintiff on one occasion asking if he could call Plaintiff "baby," to which Plaintiff responded, "No, sir," and Patrick then tried to play it off as a joke;

d. Patrick would routinely ask Plaintiff what her sexual kinks were, which Plaintiff attempted to ignore as it was highly embarrassing;

e. Patrick asked Plaintiff if he could touch her feet, to which Plaintiff replied no – but on at least one occasion when Plaintiff was wearing sandals Patrick touched her foot. When Plaintiff asked Patrick what he was doing, he pretended nothing happened, after which Plaintiff immediately went to her desk and never wore sandals or shoes where her feet were exposed in the office again;

f. Patrick informed Plaintiff on multiple occasions that what she was wearing was beautiful, and that she was so distracting that he could not work; and

g. Patrick made multiples jokes about threesomes, and then asked Plaintiff if she was "into threesomes."

14. Plaintiff did her best to ignore Patrick's advances, clearly showing her discomfort through body language and complaints, but he continued to sexually harass Plaintiff, and his unwelcomed sexual behavior made her feel increasingly uncomfortable.

15. Plaintiff was fearful of losing her job and Defendants did not have a dedicated HR department, leaving Plaintiff to fend for herself as Patrick was her direct supervisor.

16. However, in or about the end of 2022 after almost daily sexually harassing and offensive comments by Patrick, Plaintiff informed him forcefully that his behavior had to stop, and that she was not interested in going out with him.

17. Patrick then became very angry and threatened to terminate Plaintiff on multiple occasions moving forward.

18. Thereafter in or around the second week of January of 2023, Plaintiff was out of the office for a week, sick with strep throat.

19. Immediately upon returning to the office, on or about January 24, 2023, while still feeling sick and vulnerable, Patrick came close to Plaintiff and started physically touching her.

20. When Plaintiff moved away, Patrick laughed and jokingly said "you look uncomfortable."

21. When Plaintiff asked Patrick to please leave her alone and stop harassing her, Patrick became angry and informed Plaintiff that he was "going to get rid of" her.

22. As a result of the aforesaid sexually harassing behavior and threats of termination, Plaintiff felt that she had no other choice than to resign her employment with Defendants.

23. Plaintiff was constructively discharged from her employment with Defendants on or about January 24, 2023.

24. Plaintiff believes and therefore avers that she was subjected to severe and pervasive *quid pro quo* sexual harassment and a hostile work environment by Patrick, and that she was ultimately forced to resign for rejecting his sexual advances and objecting to/complaining of the same to him, in violation of Title VII.

25. After Plaintiff filed an EEOC charge, the Defendants' owner, Roman Zarhin ("Zarhin") showed a copy of the charge to James Grim ("Grim"), a general manager for the company in or around August 2023.

26. Zarhin asked if Plaintiff was the daughter of an individual he ostensibly knew to which Grim replied in the affirmative.

27. Zarhin then pressured Grim to reach out to Plaintiff's father and indicate that if Plaintiff continued to pursue her lawsuit, Zarhin would engage in harmful "mudslinging" against her.

28. Zarhin also told Grim to tell Plaintiff's father "I will get on the stand and say all these things, I don't give a shit."

29. On or about August 25, 2023, Grim did in fact tried to reach out to Plaintiff's father via telephone at Zarhin's direction.

30. Plaintiff's father told Grim to relay to Zarhin that Plaintiff would continue to move forward with her claims.

31. Grim relayed that information to Zarhin. At that point, Zarhin again directed Grim to try to intimidate Plaintiff's father again on or about September 1, 2023 into getting Plaintiff to drop her claims.

32. Grim was again unsuccessful.

33. After confronting Zarhin about his abusive and harassing behavior, Grim agreed to part ways with the Defendants and resigned on or about September 15, 2023.

34. Upon information and belief, Zarhin and his company have been involved in at least one other discrimination charge filed against him for race discrimination.

35. Upon information and belief, Zarhin has tried to engage in "mudslinging" to defeat other EEOC charge(s) as well.

## COUNT I
## Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")
### [(1) Gender / Sex Discrimination, (2) Hostile Work Environment / Sexual Harassment, and (3) Retaliation]
*Against All Defendants*

36. All of the allegations contained in the foregoing paragraphs of this Complaint are incorporated by reference herein as if the same were set forth at length.

37. Plaintiff was subjected to unlawful discrimination on the basis of gender / sex.

38. While employed by Defendants, Plaintiff was subjected to a hostile work environment / sexual harassment based on her gender / sex and/or in retaliation for complaining of gender / sex discrimination and sexually harassing behavior as outlined *supra*.

39. The harassment that Plaintiff was subjected to throughout her employment with Defendants was severe and pervasive and interfered with her ability to perform her job.

40. Plaintiff complained of and objected to the harassment multiple times directly to Patrick and asked him to cease the same; however, Patrick disregarded her concerns and instead became angry with Plaintiff, threatening to terminate her employment.

41. The harassing/retaliatory treatment was so intolerable such that no reasonable person of the same gender and position as Plaintiff could have been expected to remain in such conditions.

42. As a result of Defendants' harassing/retaliatory treatment and failure to address her concerns of sexual harassment, Plaintiff was forced to resign from her position and therefore was constructively discharged from her employment with Defendants on or about January 24, 2023.

43. Defendant further retaliated by trying to use an employee to discourage Plaintiff from pursuing her claims.

44. As a result of Defendants' unlawful discrimination and retaliation, Plaintiff has suffered damages as set forth herein.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter judgment in his favor and against each Defendant and that it enters an Order as follows:

a. Each Defendant is to be permanently enjoined from engaging in discrimination against the Plaintiff on any other basis prohibited under applicable law;

b. Each Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of permitting discrimination and retaliation in the workplace, and is to be ordered to promulgate an effective policy against such harassment and discrimination and to adhere thereto;

c. Each Defendant is to be prohibited from continuing to maintain its unlawful policy, practice, or custom of discriminating against employees and is to be ordered to promulgate an effective policy against such discrimination and to adhere thereto;

d. To the extent available as a remedy as a matter of law, each Defendant is to compensate the Plaintiff, reimburse the Plaintiff, and to make Plaintiff whole for any and all pay and benefits the Plaintiff would have received had it not been for the Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension, and seniority. The Plaintiff should be accorded those benefits illegally withheld from the date the Plaintiff first suffered discrimination at the hands of the Defendant or its agents until the date of verdict;

e. The Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused by each Defendant's actions to the extent they are available as a matter of law;

f.  The Plaintiff is to be awarded punitive and/or liquidated damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish each Defendant for its willful, deliberate, malicious and outrageous conduct and to deter each Defendant or other employers from engaging in such misconduct in the future;

g.  The Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

h.  The Plaintiff is to be awarded the costs and expenses of this action and attorneys fees as provided by applicable federal and state law;

i.  Any verdict in favor of the Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal and/or state law and to reflect the tax consequences thereof;

j.  The Plaintiff is to be granted such additional injunctive or other relief as may be requested during the pendency of this action in an effort to ensure each Defendant does not engage – or ceases engaging – in unlawful retaliation against Plaintiff or other witnesses to this action;

k.  The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein; and

l.  Plaintiff demands trial by jury on all issues so triable pursuant to Fed.R.Civ.P. 38.

                              Respectfully submitted,

**KARPF, KARPF & CERUTTI P.C.**

_____
Ari R. Karpf, Esq.
W. Charles Sipio, Esq.
3331 Street Road
Two Greenwood Sq., Suite 128
Bensalem, PA 19020
(T) 215-639-0801 / (F) 215-639-4970

*Attorneys for Plaintiff*

Dated: April 26, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | |
|---|---|
| Alyssa Marie Vulakh<br>v.<br>Highline Automotive, Inc., et al. | CIVIL ACTION<br><br>NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 4/26/2024 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 101 North York Road, Willow Grove, PA 19090

Address of Defendant: 4343 Torresdale Avenue, Philadelphia, PA 19124

Place of Accident, Incident or Transaction: Defendants place of business

---

**RELATED CASE, IF ANY:**

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes [ ]   No [X]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes [ ]   No [X]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes [ ]   No [X]

I certify that, to my knowledge, the within case [ ] is / [X] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 4/26/2024    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- [ ] 1. Indemnity Contract, Marine Contract, and All Other Contracts
- [ ] 2. FELA
- [ ] 3. Jones Act-Personal Injury
- [ ] 4. Antitrust
- [ ] 5. Patent
- [ ] 6. Labor-Management Relations
- [X] 7. Civil Rights
- [ ] 8. Habeas Corpus
- [ ] 9. Securities Act(s) Cases
- [ ] 10. Social Security Review Cases
- [ ] 11. All other Federal Question Cases
  *(Please specify): _____*

B. *Diversity Jurisdiction Cases:*
- [ ] 1. Insurance Contract and Other Contracts
- [ ] 2. Airplane Personal Injury
- [ ] 3. Assault, Defamation
- [ ] 4. Marine Personal Injury
- [ ] 5. Motor Vehicle Personal Injury
- [ ] 6. Other Personal Injury *(Please specify): _____*
- [ ] 7. Products Liability
- [ ] 8. Products Liability – Asbestos
- [ ] 9. All other Diversity Cases
  *(Please specify): _____*

---

### ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Ari R. Karpf, counsel of record *or* pro se plaintiff, do hereby certify:

- [X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:
- [ ] Relief other than monetary damages is sought.

DATE: 4/26/2024    _____    ARK2484 / 91538
                    *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VULAKH, ALYSSA MARIE

**DEFENDANTS**
HIGHLINE AUTOMOTIVE, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff: Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane | 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability | 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | 368 Asbestos Personal Injury Product Liability | | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 370 Other Fraud | 710 Fair Labor Standards Act | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit |
| 190 Other Contract | 360 Other Personal Injury | 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice | 385 Property Damage Product Liability | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 196 Franchise | | | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| | | | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 891 Agricultural Acts |
| | | | | 865 RSI (405(g)) | 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | 895 Freedom of Information Act |
| 210 Land Condemnation | 440 Other Civil Rights | **Habeas Corpus:** | | 870 Taxes (U.S. Plaintiff or Defendant) | 896 Arbitration |
| 220 Foreclosure | 441 Voting | 463 Alien Detainee | | 871 IRS—Third Party 26 USC 7609 | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 230 Rent Lease & Ejectment | [X] 442 Employment | 510 Motions to Vacate Sentence | | | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ Accommodations | 530 General | | | |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 535 Death Penalty | **IMMIGRATION** | | |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other | **Other:** | 462 Naturalization Application | | |
| | 448 Education | 540 Mandamus & Other | 465 Other Immigration Actions | | |
| | | 550 Civil Rights | | | |
| | | 555 Prison Condition | | | |
| | | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000)

Brief description of cause:
Violations of Title VII and the PHRA.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE: 4/26/2024
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]