## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANA

ALYSSA MARIE VULAKH

*Plaintiff,*

NO. 24-1773

CIVIL ACTION

JURY TRIAL DEMANDED

**vs.**

**HIGHLINE AUTOMOTIVE, INC.**

**and**

**HIGHLINE AUTOMOTIVE GROUP, LLC**

*Defendants*

---

### DEFENDANTS' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT

**NOW COME** the Defendants, Highline Automotive, Inc. and Highline Automotive Group, LLC (hereinafter collectively referred to as "Defendants"), by counsel Dimitri Smirnov, Esq. and the Law Offices of Dimitri Smirnov, P.C., without waiving any defenses, and hereby answer the Complaint filed by the Plaintiff herein, Alyssa Vulakh (hereinafter, "Plaintiff").

### I.    PRELIMINARY STATEMENT

Because of the nature of the allegations in the Plaintiff's Complaint and that minimal discovery has been conducted to date in this matter, but is ongoing in nature, in order to preserve important legal rights and protections, Defendants set forth below certain affirmative defenses which, based upon the information set

forth in the Complaint, they believe do apply or may apply to some or all of the claims raised therein. As permitted by Rule 8(d)(2) of the Federal Rules of Civil Procedure, defenses to the claims made in the Plaintiff's Complaint are being asserted alternatively and, in some instances, hypothetically. As a result, Defendants reserve the right to withdraw or modify some or all of the affirmative defenses set forth below, in whole or in part, depending upon the nature of the discovery in this matter.

## II.    PRESENTING DEFENSE(S) TO THE CLAIM FOR RELIEF

### FIRST DEFENSE – FAILURE TO STATE A CLAIM FOR WHICH RELIEF CAN BE GRANTED

Plaintiff's Complaint is deficient on its face and fails to state a claim for which relief can be granted. While Plaintiff claims constructive termination and gender/sexual discrimination, she presents no evidence or documents in support of her claim(s). Instead, her Complaint makes unfounded claims and accusations that do not rise to the level of a valid claim.

## III.    AFFIRMATIVE DEFENSES TO THE CLAIMS FOR RELIEF

### FIRST DEFENSE

Plaintiff's Complaint, or some of the allegations contained therein, fails to state a cause of action against Defendants upon which relief is granted.

## SECOND DEFENSE

To the extent that any of the following affirmative defenses are applicable based upon the evidence adduced in this matter to date, Defendants assert the following defenses: contributory negligence, comparative negligence, assumption of the risk, waiver, estoppel, laches, release, res judicata, collateral estoppel, expiration of the statute of limitations, intervening and superseding cause, the doctrine of unclean hands, and any other matter constituting an avoidance or affirmative defense.

## THIRD DEFENSE

To the extent applicable, Defendants assert and preserve all immunities and defenses contained within the Pennsylvania Code.

## FOURTH DEFENSE

To the extent applicable, Defendants raise and preserve the defenses of absolute and qualified immunity and any and all other immunities available to Defendants pursuant to common law, the United States Constitution, the United States Code, the Pennsylvania Constitution, and the Pennsylvania Code.

## FIFTH DEFENSE

To the extent applicable, Defendants assert and preserve the defense of absolute and qualified immunity.

## SIXTH DEFENSE

Defendants are immune from liability because they acted at all times in good faith, lawfully, and in the performance of their official duties.

## SEVENTH DEFENSE

Defendants deny they acted in violation of Plaintiff's rights, and further deny they acted recklessly, unlawfully, and/or intentionally.

## EIGHTH DEFENSE

Defendants breached no duty at law owed to the Plaintiff.

## NINTH DEFENSE

Defendants raise the defenses of lack of subject matter jurisdiction, personal jurisdiction, improper venue, insufficiency of service of process, and insufficiency of process to the extent that such defenses may appear applicable following discovery.

## TENTH DEFENSE

Defendants are immune from suit because their conduct was not in contravention of any clearly established Constitutional right or privilege of Plaintiff.

## ELEVENTH DEFENSE

Not being fully advised as to all the facts and circumstances surrounding the allegations in the Plaintiff's Complaint, Defendants hereby invoke and assert all affirmative defenses which may prove applicable herein, so as not to waive them, including, but not necessarily limited to, those defenses specifically set forth in Rules 8(c), 9, and 12 of the Federal Rules of Civil Procedure, including lack of jurisdiction over the subject matter, lack of jurisdiction over the person, improper venue, insufficiency of process, insufficiency of service of process, accord and satisfaction, arbitration and award, assumption of the risk, contributory negligence, duress, estoppel, failure of consideration, fraud, illegality, laches, license, release, res judicata, statute of frauds, statute of limitations, and waiver, and further reserve the right to raise such additional defenses as may appear appropriate following further discovery and factual development in this case.

## TWELFTH DEFENSE

Defendants raise and preserve all benefits, protections, privileges, limitations, and immunities available pursuant to common law, the United States

Constitution, the United States Code, the Pennsylvania Constitution, and the Pennsylvania Code.

## THIRTEENTH DEFENSE

Defendants specifically assert all common law, statutory and Constitutional immunities afforded under State and Federal law.

## FOURTEENTH DEFENSE

Defendants have, at all times, acted within their legal rights in the conduct of all activities and with just cause.

## FIFTEENTH DEFENSE

The injuries and damages alleged by Plaintiff were caused by the misconduct of Plaintiff and are in no way attributable to any improper conduct of Defendants, whether jointly or separately.

## SIXTEENTH DEFENSE

Defendants deny that they engaged in any wrongful or improper conduct and, do not, by asserting affirmative defenses herein, assume the burden of proof in this case, which remains with the Plaintiff.

## SEVENTEENTH DEFENSE

Defendants deny that they are liable to the Plaintiff in any amount or that Plaintiff is otherwise entitled to the recovery and/or the relief sought from Defendants in Plaintiff's Complaint.

## EIGHTEENTH DEFENSE

If the Plaintiff suffered damage as alleged in the Complaint, said damage was the result of actions of the Plaintiff.

## NINETEENTH DEFENSE

Defendants reserve the right to file additional cross-claims, counterclaims, or third-party complaints if the evidence warrants the filing of these claims.

## TWENTIETH DEFENSE

Defendants were not guilty of any intentional, willful, malicious, or outrageous act or acts, which proximately caused or contributed to the damages allegedly sustained by the Plaintiff and the Plaintiff is thereby prohibited from recovering any punitive damages from Defendants, as is alleged in the Plaintiff's Complaint.

## TWENTY-FIRST DEFENSE

To the extent that Plaintiff's Complaint seeks exemplary or punitive damages from Defendants, said Complaint violates Defendants' rights to due

process under the Constitution of the Commonwealth of Pennsylvania and the United States Constitution and, therefore, fails to state a cause of action upon which exemplary or punitive damages can be awarded.

## TWENTY-SECOND DEFENSE

To the extent that Plaintiff's Complaint seeks exemplary or punitive damages from Defendants, said Complaint violates Defendants' rights to protection from "excessive fines" as provided in Article 1 Section 13 of the Constitution of the Commonwealth of Pennsylvania, violates Defendants' rights to substantive due process as provided in the Constitution of the Commonwealth of Pennsylvania and the United States Constitution, and fails to state a cause of action against Defendants supporting exemplary or punitive damages claims.

## TWENTY-THIRD DEFENSE

To the extent that Plaintiff's Complaint seeks exemplary or punitive damages from Defendants, Defendants affirmatively assert that said Complaint violates Defendants' rights to equal protection under the law and is otherwise unconstitutional under the Fourteenth Amendment to the United States Constitution and Article III, Section I, and all other applicable provisions of the Constitution of the Commonwealth of Pennsylvania.

## TWENTY-FOURTH DEFENSE

To the extent that Plaintiff's Complaint seeks exemplary or punitive damages from Defendants, Defendants assert that Plaintiff's Complaint either fails to allege and/or the Plaintiff cannot prove, the necessary predicates or conditions in order to establish the threshold requirements for the recovery of punitive damages.

## TWENTY-FIFTH DEFENSE

Defendants reserve the right to file additional affirmative defenses if a sufficient factual basis therefor is developed through continuing investigation and discovery.

## TWENTY-SIXTH DEFENSE

And for their answer to the specific allegations set forth in Plaintiff's Complaint, Defendants state and aver as follows:

## IV.   ALLEGED INTRODUCTION

1. Defendants incorporate herein by reference all of the affirmative defenses hereinabove set forth as if the same were herein set forth verbatim. With respect to the alleged Introduction contained within the Plaintiff's Complaint, Defendants specifically deny any allegation of violation of Title VII of the Civil Rights Act od 1964 ("Title VII" – 42 U.S.C. && 200d et seq.) and/or any violation of the Pennsylvania Human Relations Act ("PHRA").

## V. ALLEGED PARTIES

2. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 2 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

3. Defendants admit the allegations contained within Paragraph 3 of Plaintiff's Complaint.

4. With respect to the allegations contained within Paragraph 4 of Plaintiff's Complaint, Defendants deny the truth of the allegations contained therein. Therefore, Defendants demand strict proof thereof.

5. With respect to the allegations contained within Paragraph 5 of Plaintiff's Complaint, it is only admitted that Defendants rely upon agents, servants, and employees, who are acting within the scope of his or her job duties. All remaining averments are denied. Defendants reserve the right to supplement and/or amend this response up to and/or throughout the time of trial.

## V.    ALLEGED JURISDICTION AND VENUE

6. Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint contain no factual allegations or assertions against Defendants, and, therefore, no response to the same by Defendants is required. To the extent that a response to Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint is deemed to be required,

Defendants would state that the allegations contained therein are conclusions of law to which no response by Defendants is required. To the extent that Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of the Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the same and demand strict proof thereof.

7. Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint contain no factual allegations or assertions against Defendants, and, therefore, no response to the same by Defendants is required. To the extent that a response by Defendants to Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint is deemed to be required, Defendants would state the allegations contained therein are conclusions of law to which no response by Defendants is required. To the extent that Paragraphs 6, 7 8, and 9 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the same and, therefore, demand strict proof thereof.

8. Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint contain no factual allegations or assertions against Defendants, and, therefore, no response to the same by Defendants is required. To the extent that a response by

Defendants to Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint is deemed to be required, Defendants would state the allegations contained therein are conclusions of law to which no response by Defendants is required. To the extent that Paragraphs 6, 7 8, and 9 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the same and, therefore, demand strict proof thereof.

9. Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint contain no factual allegations or assertions against Defendants, and, therefore, no response to the same by Defendants is required. To the extent that a response by Defendants to Paragraphs 6, 7, 8, and 9 of Plaintiff's Complaint is deemed to be required, Defendants would state the allegations contained therein are conclusions of law to which no response by Defendants is required. To the extent that Paragraphs 6, 7 8, and 9 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the same and, therefore, demand strict proof thereof.

## VI.    ALLEGED FACTUAL BACKGROUND

10. All of the foregoing responsive Paragraphs contained in this Answer are incorporated by reference herein as if restated in full.

11. Defendants only admit that Plaintiff was an employee. All other averments of this Paragraph are denied. Defendants reserve the right to amend and/or supplement this response up to and through the time of trial.

12. It is only admitted that Plaintiff had a supervisor or a manager. All other averments of this Paragraph are denied and strict proof demanded thereof.

13. Denied. The averments of this Paragraph are conclusions of law for which no response is required. To the extent that a further response is required, the allegations contained within Paragraph 13, specifically (a-g) of Plaintiff's Complaint are denied and strict proof demanded. Furthermore, to the extent that Paragraph 13 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants fully deny the allegations contained within Paragraph 13 (a-g) of Plaintiff's Complaint, with strict proof demanded.

14. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 14 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

15. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 15

of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof. Should further response be required, the allegations contained within Paragraph 15 of Plaintiff's Complaint contain conclusions of law to which no response by Defendants is required. To the extent that Paragraph 15 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 15 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

16. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 16 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

17. The allegations contained within Paragraph 17 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 17 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 17 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

18. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 18 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

19. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 19 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

20. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 20 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

21. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 21 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

22. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 22 of Plaintiff's Complaint and, therefore, deny the same and demand strict

proof thereof. By way of further response, the averments of this Paragraph

contain conclusions of law to which no response is required.

23. The allegations contained within Paragraph 23 of Plaintiff's Complaint

contain conclusions of law to which no response by Defendants is required.

To the extent that Paragraph 23 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 23 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

24. The allegations contained within Paragraph 24 of Plaintiff's Complaint

contain conclusions of law to which no response by Defendants is required.

To the extent that Paragraph 24 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 24 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

25. The allegations contained within Paragraph 25 of Plaintiff's Complaint are

conclusions of law to which no response by Defendants is required.  To the

extent that Paragraph 25 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 25 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

26. The allegations contained within Paragraph 26 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 26 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 26 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

27. The allegations contained within Paragraph 27 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 27 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 27 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

28. The allegations contained within Paragraph 28 of Plaintiff's Complaint contain conclusions of law to which no response by Defendants is required. To the extent that Paragraph 28 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 28 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

29. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 29 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

30. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 30 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

31. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 31 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

32. Defendants are presently without sufficient information or knowledge to form a belief as to the truth of the allegations contained within Paragraph 32 of Plaintiff's Complaint and, therefore, deny the same and demand strict proof thereof.

33. The allegations contained within Paragraph 33 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 33 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 33 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

34. The allegations contained within Paragraph 34 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 34 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 34 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

35. The allegations contained within Paragraph 35 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 35 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 35 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

### VII.   ALLEGED COUNT I
**Violations of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**[1(1) Gender/Sex Discrimination, (2) Hostile Work**
**Environment/Sexual Harassment, and Retaliation**

36.  All of the foregoing responsive Paragraphs contained in this Answer are

incorporated by reference herein as if restated in full.

37. The allegations contained within Paragraph 37 of Plaintiff's Complaint are

conclusions of law to which no response by Defendants is required.  To the

extent that Paragraph 37 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 37 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

38. The allegations contained within Paragraph 38 of Plaintiff's Complaint

contain conclusions of law to which no response by Defendants is required.

To the extent that Paragraph 38 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 38 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

39. The allegations contained within Paragraph 39 of Plaintiff's Complaint contain conclusions of law to which no response by Defendants is required. To the extent that Paragraph 39 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 39 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

40. The allegations contained within Paragraph 40 of Plaintiff's Complaint contain conclusions of law to which no response by Defendants is required. To the extent that Paragraph 40 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 40 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

41. The allegations contained within Paragraph 41 of Plaintiff's Complaint contain conclusions of law to which no response by Defendants is required. To the extent that Paragraph 41 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 41 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

42. The allegations contained within Paragraph 42 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 42 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 42 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

43. The allegations contained within Paragraph 43 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 43 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 43 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

44. The allegations contained within Paragraph 44 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 44 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 44 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

**ALLEGED COUNT II**
**Violations of Title VII of the Civil Rights Act ("PHRA")**
**[(1) Gender/Sex Discrimination, (2) Hostile Work Environment, and (3) Retaliation]**
***Against All Defendants***

45. All of the foregoing responsive Paragraphs contained in this Answer are incorporated by reference herein as if restated in full.

46. The allegations contained within Paragraph 46 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 46 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 37 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

47. The allegations contained within Paragraph 38 of Plaintiff's Complaint contain conclusions of law to which no response by Defendants is required. To the extent that Paragraph 47 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 47 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

48. The allegations contained within Paragraph 48 of Plaintiff's Complaint

contain conclusions of law to which no response by Defendants is required.

To the extent that Paragraph 48 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 48 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

49. The allegations contained within Paragraph 49 of Plaintiff's Complaint

contain conclusions of law to which no response by Defendants is required.

To the extent that Paragraph 49 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 49 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

50. The allegations contained within Paragraph 50 of Plaintiff's Complaint

contain conclusions of law to which no response by Defendants is required.

To the extent that Paragraph 50 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 50 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

51. The allegations contained within Paragraph 51 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 51 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 51 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

52. The allegations contained within Paragraph 52 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 52 of Plaintiff's Complaint can be construed as implying or suggesting any wrongful or improper conduct on the part of Defendants, or any employee or agent thereof, in any manner whatsoever, Defendants deny the allegations contained within Paragraph 52 of Plaintiff's Complaint, and, therefore, demand strict proof thereof.

53. The allegations contained within Paragraph 53 of Plaintiff's Complaint are conclusions of law to which no response by Defendants is required. To the extent that Paragraph 53 of Plaintiff's Complaint can be construed as

implying or suggesting any wrongful or improper conduct on the part of

Defendants, or any employee or agent thereof, in any manner whatsoever,

Defendants deny the allegations contained within Paragraph 53 of Plaintiff's

Complaint, and, therefore, demand strict proof thereof.

## VIII.  **PRAYER FOR RELIEF**

**WHEREFORE**, the Defendants Highline Automotive, Inc. and Highline

Automotive Group, LLC, having fully answered Plaintiff's Complaint, pray that

Plaintiff's Complaint be dismissed and held for naught; that the Plaintiff

recover nothing from the Defendants, Highline Automotive, Inc. and Highline

Automotive Group, LLC; that the Defendants, Highline Automotive, Inc. and

Highline Automotive Group, LLC, recover their costs, expenses of suit and a

reasonable attorney's fee made necessary in defending this Complaint; and, for

such other and further relief, whether legal or equitable in character, as to which

the Defendants, Highline Automotive, Inc. and Highline Automotive Group,

LLC, may be entitled.

## IX.    **CERTIFICATION AND CLOSING**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the
best of my knowledge, information, and belief that this answer (1) is not being
presented for an improper purpose, such as to harass, cause unnecessary delay,
or needlessly increase the cost of litigation; (2) is supported by existing law or
by a non-frivolous argument for extending, modifying, or reversing existing law;
(3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the answer otherwise complies with the requirements of Rule 11.

Dated this _13_ day of _December_, 2024.

**Defendants, By Counsel:**

Dimitri Smirnov, PA State Bar No. 313446

**LAW OFFICES OF DIMITRI SMIRNOV P.C.**
**306 Lakeside Park**
**Southampton, PA 18966**
**PH:  267-684-6880**
**Fax: 215-975-1440**
**Email: Dimitri@Smirnovlaw.com**
**Licensed in PA and NJ**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANA

| | |
|---|---|
| **ALYSSA MARIE VULAKH** | NO. 24-1773 |
| *Plaintiff,* | CIVIL ACTION |
| | JURY TRIAL DEMANDED |
| **vs.** | |
| **HIGHLINE AUTOMOTIVE, INC.** | |
| **and** | |
| **HIGHLINE AUTOMOTIVE GROUP, LLC** | |
| *Defendants* | |

### CERTIFICATE OF SERVICE

The undersigned, counsel of record for Defendants, Highline Automotive, Inc. and Highline Automotive Group, LLC, does hereby certify on this 13ᵗʰ day of December, 2024, that a true copy of the foregoing "**DEFENDNATS' ANSWER TO PLAINTIFF'S COMPLAINT**" was served upon opposing counsel by uploading the same to the Court's Electronic Filing system, which will notify the following party of such filing:

**Ari R. Karpf, Esquire**
**W. Charles Sipio, Esquire**
**3331 Street Road**
**Two Greenwood Sq., Suite 128**
**Bensalem, PA 19020**

Dimitri Smirnov, PA State Bar No. 313446