IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALYSSA MARIE VULAKH** | |
| *Plaintiff,* | |
| vs. | CASE NO.: 24-1773 |
| **HIGHLINE AUTOMOTIVE, INC.** and **HIGHLINE AUTOMOTIVE GROUP, LLC** | CIVIL ACTION |
| *Defendants.* | |

**DEFENDANTS' SUPPLEMENTAL PRE-TRIAL MEMORANDUM[1]**

Defendants respectfully present to this Honorable Court, Defendants' Supplement Pre-Trial Memorandum in support of Defendants' objections to the following pre-trial items[2] filed this 20th day of May, 2025:

**A) Defendants' Objections to Jury Instructions on Front Pay and Back Pay.**

Reasoning: Defendants have lodged an objection to Plaintiff's proposed jury instructions pertaining specifically to Plaintiff's request for Front Pay and Back Pay damages. Specifically, it is acknowledged that Title VII "authorizes back and front pay awards as a remedy for intentional discrimination." *See 42 U.S.C. §2000e-5(g)(1) (2025)*. However, such awards are equitable remedies. As a result, there is no right to jury trial on a claim for either back or front pay. *See 42 U.S.C. §1981a(b)(2) (2025) and see also Pollard v. E.I. du Pont de Nemours & Co., 532 U.S. 843 (2001).* Accordingly, Defendants believe that jury instructions on front and back pay are

---

[1] Defendants further include, as attachments, in the instant filing copies of Defendants' exhibits intended for use at trial. Defendants reserve the right to amend and/or supplement these exhibits up to and through the time of trial, including the use and/or cross examination of Plaintiff's exhibits.

[2] These items include, collectively, objected to various jury instructions and the reservation of objections to certain anticipated testimony or exhibits.

improper in this matter.

      **B) Defendants Seek to Have All Jury Instructions, Where Applicable To Have The Parties' Names Replaced With The Terms, Plaintiff and Defendants.**

<u>Reasoning</u>: Defendants seek to have all jury instructions, whether agreed upon or otherwise, to utilize the terms of "Plaintiff" or "Defendants" as where may required in lieu of the parties' respective names. Defendants believe and therefore aver that the utilization of party names may trigger sympathy or otherwise, to the ultimate finders of fact, a jury. Such trigger words may lead to undue prejudice against Defendants in deliberations or otherwise. Accordingly, Defendants have requested that the terms, "Plaintiff" and "Defendants" be utilized in lieu of the parties' respective names where necessary.

      **C: Defendants Object to Plaintiff's Proposed Voir Dire Question #3.**

<u>Reasoning:</u> Plaintiff's proposed Voir Dire questions is as follows: "Do you think it is possible to be discriminated/retaliated against at a job even if you resign after the behavior?" Ultimately, this question is likely to cause confusion for the jury. Additionally, the question is only intended to eliminate what Plaintiff believes is a part of the Defendants' defense. Without further context, the question serves no purpose in the selection of a jury.

      **D: Defendants Reserve Their Objections to Certain Plaintiff Exhibits**

<u>Reasoning:</u> Defendants reserve their right to object, on the basis of hearsay, to Plaintiff's Exhibits P-1, P-2, P-3, P-4, and P-5[3]. At least one party, if not both, in each of the aforementioned exhibits, which contain statements, may not be testifying at trial. Accordingly, any statements

---

[3] Defendants do not in any waive their rights to object to other exhibits or evidence that may be set forth by Plaintiff.

3

connected to those non-testifying witnesses, must be deemed hearsay. Defendants reserve the right to amend and/or supplement this objection up to and through the time of trial.

                                                Respectfully Submitted,

Date: 5/20/25                                         ___*Dimitri Smirnov*___
                                                            Dimitri Smirnov, Esq.
                                                            Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALYSSA MARIE VULAKH** *Plaintiff,* **vs.** **HIGHLINE AUTOMOTIVE, INC.** and **HIGHLINE AUTOMOTIVE GROUP, LLC** *Defendants.* | CASE NO.: 24-1773 CIVIL ACTION |

## CERTIFICATE OF SERVICE

I certify that on the date set forth below that I served Plaintiff with Defendants' Supplemental Pre-trial Statement through e-filing via Plaintiff's counsel of record.

                        Benjamin D. Salvina, Esq.
                        Jordyn N. Kopcow, Esq.
                        Karpf, Karpf, & Cerutti, P.C.
                        8 Interplex Drive
                        Suite 210
                        Feasterville-Trevose, PA 19053

                         *Dimitri Smirnov*
Date: 5/20/25                  Dimitri Smirnov, Esq.
                         (Attorney for Defendants)